UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHELE VAN WINKLE,

Plaintiff,

v.

GENERAL MOTORS COMPANY, *et. al.*,

Defendants.

Case No. 3:24-cv-00353-MMD-CSD

ORDER

## I. SUMMARY

In her first amended complaint, Plaintiff Michele Van Winkle brings this action against Defendants General Motors Company[1] ("GMC") and General Motors LLC ("GM") arising out of her purchase of a vehicle that has fallen short of consumer expectations. (ECF No. 9 ("FAC").) Van Winkle asserts claims for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2310 ("the Act"), breach of express warranty, and declaratory relief. (ECF No. 9 ("FAC") at 7-13.) Before the Court are Defendant's motion for summary judgment (ECF No. 31 ("Defendant's Motion"))[2] and Van Winkle's cross-motion for summary judgment (ECF No. 32 ("Van Winkle's Motion"))[3] (collectively "the Motions"). For the reasons discussed below, the Court will grant Defendant's Motion and deny Van Winkle's Motion.

///

///

[1]Plaintiff voluntarily dismisses Defendant General Motors Company from this action based on its status as a "holding company" that owns Defendant-manufacturer General Motors LLC. (ECF No. 36 at 16.)

[2]Plaintiff responded (ECF No. 36), and Defendant replied (ECF No. 39).

[3]Defendant responded (ECF No. 34), and Plaintiff replied (ECF No. 37).

## II. RELEVANT BACKGROUND[4]

This consumer dispute arises from Van Winkle's purchase of a new 2021 Cadillac Escalade (the "Vehicle") from GMC in March 2021 for approximately $137,937.54. (ECF No. 9 at 4; ECF No. 9-2 at 2.) The Vehicle was manufactured, warranted, and supplied by GMC. (*Id.* at 4.)

In connection with the purchase, GMC issued and supplied Van Winkle with an express new vehicle limited warranty (ECF No. 9-3; *see also* ECF No. 31-4 ("the Warranty")), which included a four-year/50,000-mile bumper-to-bumper warranty and a six-year/70,000-mile powertrain limited warranty. (ECF No. 9 at 4.) Shortly after Van Winkle took possession of the Vehicle, she witnessed manufacturer defects and conditions necessitating substantial repairs. (ECF No. 9 at 4-5.) The seven total warranty repairs—between May 2021 and June 2023 (ECF No. 31-2 at 3)—were lengthy and ultimately put the Vehicle out of service for an extended period of approximately 160 days. (ECF No. 9 at 4-5.) The parties agree and it is undisputed that the repairs were performed under the Warranty, and Defendant did not charge Van Winkle for any of the repair attempts. (ECF No 36 at 6; ECF No. 36-1 at 3; ECF No. 39 at 2.)

During the last and most recent repair, which lasted from June 5, 2023 through July 19, 2023, Van Winkle purchased a new 2023 Cadillac Escalade 4WD Sport (the "Replacement Vehicle") for $202,690.12 on July 11, 2023, asserting that she was "forced" to do so after the Vehicle remained out of service for more than a month with no "foreseeable" completion date. (ECF No. 32 at 4-5.)

As a result, Van Winkle now makes a demand for compensation via either a "full refund" of the purchase price of the Vehicle or a "new replacement" under the Act on the basis that Defendant failed to complete the repairs within a reasonable time or after a reasonable number of attempts. (ECF No. 9 at 5-6, 13.) However, according to

[4]The following facts, adapted primarily from the FAC and the parties' respective motions, are undisputed unless otherwise noted.

Defendant, the Warranty expressly disclaims all incidental or consequential damages as well as any damages for “inconvenience” or “loss of vehicle use.” (ECF No. 31-4 at 17.)

Van Winkle initially filed this suit on August 7, 2024. (ECF No. 1.) Van Winkle later filed her FAC, asserting the following claims: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2310; (2) breach of express written warranty; and (3) declaratory relief under the Warranty, the Act, and Nevada law (NRS § 30.040(1)). (ECF No. 9 at 7-13.)

## III. DISCUSSION

Defendant moves for summary judgment in its favor on all of Van Winkle’s claims, arguing primarily that because Van Winkle cannot establish any breach of warranty, she cannot prove an essential element of her breach of express warranty claim, necessarily causing her remaining claims to also fail as a matter of law.[5] (ECF No. 31 at 2, 5-6.) Van Winkle, meanwhile, opposes Defendant’s Motion and moves for summary judgment in her favor, arguing that Defendant failed to repair the Vehicle’s warrantable defects “within a reasonable time” and after a “reasonable number of attempts,” thereby entitling her to either a refund or replacement vehicle under the Act. (ECF No. 32 at 7-10.) As further explained below, the Court agrees with Defendant.

To avoid repetition, the Court will address the Motions as they pertain to each claim while bearing in mind the parties’ burdens on summary judgment. *See* Fed. R. Civ. P. 56 (providing that summary judgment is appropriate “if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law”); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Nw. Motorcycle Ass’n v. U.S. Dep’t of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (“The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts

---

[5]“In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.” *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

before the court.") (citation omitted). The Court first evaluates the Motions with respect to the breach of express warranty claim before turning to the remaining claims for relief.

**A. Breach of Express Warranty Claim**

Van Winkle argues that Defendant has failed to comply with its obligations under the Warranty. In particular, she contends that Defendant "failed to remedy the Vehicle to conform to the Warranty within a reasonable time" and "number of attempts," causing the Warranty to "fail[] in its essential purpose." (ECF No. 32 at 8-9.) Defendant, in turn, counters that it has made all repairs as required by the Warranty at no cost to Van Winkle and that summary judgment in its favor is proper because Van Winkle cannot establish two of the three essential elements of her breach of express warranty claim.[6] (ECF No. 31 at 3-4.)

Under Nevada law, a plaintiff asserting a breach of warranty claim must prove that (1) a warranty existed, (2) the defendant breached the warranty, and (3) the defendant's breach was the proximate cause of the loss sustained. *Nev. Contract Servs., Inc. v. Squirrel Companies, Inc.*, 68 P.3d 896, 899 (Nev. 2003). Here, neither party disputes the existence of a written warranty. Rather, the parties dispute the two remaining elements. As to the second element, Defendant maintains that it performed all repairs required under the Warranty, pointing to the "Vehicle Summary Page" and the "Vehicle Transaction History" logs as evidence. (ECF No. 31 at 3; ECF Nos. 31-2, 31-3.) Defendant further notes that Van Winkle concedes to the fact that all repairs were performed and paid for under the Warranty. (ECF No. 39 at 2 (citing ECF No. 36 at 5-6).) However, it points out that Van Winkle fails to identify any specific contractual provision breached. (*Id.*) Defendant further contends that, as to the third element, Van Winkle's claimed damages are barred by the Warranty's express limitations, which disclaim liability for incidental and consequential damages as well as for any damages arising from "inconvenience" and/or "loss of vehicle use." (ECF No. 31 at 5-6; ECF No. 31-4 at 17.) The Court agrees and thus

---

[6]"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 317.

grants summary judgment in Defendant's favor on the breach of express warranty claim, as it fails as a matter of law.

**B. Magnuson-Moss Warranty Act Claim**

Next, the Court turns to the alleged violation of the Magnuson-Moss Warranty Act and finds in Defendant's favor. The Act dictates certain requirements[7] for written warranties and creates a private right of action for consumers when a warrantor has failed "to comply with any obligation under . . . a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1); *see also Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). However, the underlying claim relies on state contract and warranty law. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008)) (holding that claims under the Act "stand or fall with ... express and implied warranty claims under state law."). In other words, because the federal claim hinges on the state law warranty claim, Van Winkle may only prevail on her federal claim to the extent she can show Defendant may have breached its warranties under state law. *See, e.g.*, *Clemens*, 534 F.3d 1022 & n.3.

Here, the Court's disposition of the state law breach of express warranty claim above necessarily determines its disposition of Van Winkle's federal claim. Accordingly, The Court grants summary judgment in Defendant's favor on this claim.

**C. Declaratory Relief Claim**

Defendant argues that Van Winkle's claim for declaratory relief fails because it is duplicative of the breach of express warranty claim. (ECF No. 31 at 7.) Van Winkle counters that her declaratory relief claim should proceed "[s]ince it has been shown that

[7]In her Motion, Van Winkle argues that she is entitled to either a refund of the actual purchase price or replacement without charge of the Vehicle under the requirements of 15 U.S.C. § 2304(a)(4), which state: "[I]f the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part." (ECF No. 32 at 8-9.)

significant factual disputes exist" as to the first and second claims for relief. (ECF No. 36 at 15.) The Court is unpersuaded by this argument, which it finds illogical. Accordingly, the Court finds that Van Winkle's declaratory relief claim fails and grants summary judgment in Defendant's favor.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of the Motions before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 31) is granted.

It is therefore ordered that Van Winkle's motion for summary judgment (ECF No. 32) is denied.

The Clerk of Court is directed to enter judgment accordingly—in Defendant's favor—and close this case.

DATED THIS 30th Day of July 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE